UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISON

TROY GARDNER                                                          PETITIONER

v.                                         CIVIL ACTION NO. 3:23-CV-P531-JHM

TIM ROBINSON                                                        RESPONDENT

### MEMORANDUM OPINION AND ORDER

Petitioner Troy Gardner filed the instant *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion for leave to proceed *in forma pauperis* (DN 3).  Upon consideration, **IT IS HEREBY ORDERED** that the motion for leave to proceed *in forma pauperis* (DN 3) is **GRANTED**.

The petition is now before the Court for preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4 of the Rules Governing § 2254 Cases.[1]  For the reasons that follow, the Court will summarily dismiss the instant action.

### I.

In the petition, Petitioner states that he is challenging his state pretrial detention in Fayette County District Court, First Division, Case No. 23-F-2810.  Petitioner states that his initial and continued detention is without probable cause.  He writes that the ground for his petition is that "Officer did not have '. . . specific and articulable facts . . .' to support reasonable suspicion and/or probable cause."  He continues, "Officer committed perjury in the Uniform Citation and Preliminary Hearing and the aforementioned perjury is proven by Location History."  Petitioner attaches to his petition his uniform citation and the state court order denying

---

[1] Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court may apply the Rules to § 2241 cases.

his request to reduce his bond but allowing him to enter a residential treatment facility and, upon successful completion, to be transported back to Fayette County Detention Center. As relief, Petitioner asks the Court to "dismiss the case No. 23-F-2810 and/or immediate release from Crown Recovery Center and Judge's jurisdiction."

## II.

Although 28 U.S.C. § 2241 "establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). A petitioner may bring a habeas action in federal court to demand enforcement of the state's affirmative constitutional obligation to bring him promptly to trial but may not generally seek habeas relief to forestall state prosecution altogether. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-91 (1973); *Capps v. Sullivan*, 13 F.3d 350, 354 (10th Cir. 1993). Principles of comity and federalism require federal courts to abstain from deciding pre-conviction habeas challenges unless the petitioner demonstrates that: (1) he has exhausted available state court remedies, and (2) special circumstances warrant federal intervention. *Martin-Trigona v. Shiff*, 702 F.2d 380, 388 (2nd Cir. 1983) ("[T]he writ of habeas corpus is not a substitute for a regular route of appeal."); *see also Bronston v. Sabbatine*, No. 93-5648, 1993 U.S. App. LEXIS 29970, at *3 (6th Cir. Nov. 16, 1993); *Moore v. Federspiel*, No. 2:09-CV-12673, 2009 U.S. Dist. LEXIS 62306, at *4 (E.D. Mich. July 20, 2009).

Because Petitioner is requesting the Court's review of a decision in his pending state court criminal case, federal habeas relief is unavailable. *See Braden*, 410 U.S. at 493. To the extent that Petitioner may want a speedy trial or other resolution of those charges, he must

exhaust his claims in the state court.  *Braden*, 410 U.S. at 489-90; *Atkins*, 644 F.2d at 546 ("[T]he doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes.").  Unless unusual or exceptional circumstances make it appropriate to reach the merits of a claim not first exhausted in the state court, the habeas petition should be dismissed.  *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *O'Guinn v. Dutton*, 88 F.3d 1409, 1413 (6th Cir. 1996) (en banc).

In the instant case, it is evident that Petitioner did not exhaust his claims in state court. He can still present any constitutional challenges during the course of his criminal trial, on direct appeal, or, if applicable, through a properly filed state collateral attack, such as a petition for writ of mandamus in the appellate court asking that court to compel the trial court to act.  Petitioner, therefore, fails to meet his burden of demonstrating exhaustion of available state-court remedies. Moreover, the Court finds no unusual or exceptional circumstances which warrant the Court's involvement in the state court case without Petitioner first exhausting.

For these reasons, the petition will be dismissed.

### CERTIFICATE OF APPEALABILITY

In the event that Petitioner appeals this Court's decision, he is required to obtain a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).  A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate.  *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of

a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further.  *Id.*  In such a case, no appeal is warranted. *Id.*  This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable.  Thus, no certificate of appealability is warranted in this case.

The Court will enter a separate Order consistent with this Memorandum Opinion and Order.

Date:   October 19, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Petitioner, *pro se*
4414.011